IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SARAH GILLERT,

                                                     OPINION AND ORDER

                Plaintiff,

                                                       14-cv-699-bbc

    v.

CAROLYN W. COLVIN,
Acting Commissioner, Social Security Administration

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is plaintiff Sarah Gillert's second challenge to an administrative decision denying her social security disability benefits. In Gillert v. Astrue, 11-cv-671-bbc (W.D. Wis. Feb. 11, 2013), I remanded the case on the ground that the administrative law judge did not include all of plaintiff's mental limitations in the residual functional capacity assessment, which could have affected the vocational expert's conclusion regarding the jobs that plaintiff could perform. This time around, all of plaintiff's arguments relate primarily to the administrative law judge's alleged failure to give an adequate explanation of his reasons for not adopting various medical opinions regarding plaintiff's mental limitations. In addition, plaintiff says that the administrative law judge failed to explain the basis for his opinion that plaintiff would be off-task 5 percent to 10 percent each day. Because I agree with plaintiff that the administrative law judge's amended decision is still missing needed explanation, I am granting her motion for summary judgment and remanding the case for

1

additional proceedings. Scott v. Astrue, 647 F.3d 734, 740 (7th Cir. 2011) ("The ALJ needed to explain how she reached her conclusions about [the plaintiff's] capabilities."); McKinzey v. Astrue, 641 F.3d 884, 889 (7th Cir. 2011) ("The ALJ must adequately discuss the issues and must build an accurate and logical bridge from the evidence to his conclusion.").


OPINION

The administrative law judge found that plaintiff had severe impairments in the form of attention deficit disorder, personality disorder and depression. AR 455. (The administrative law judge found severe physical impairments as well, but plaintiff's appeal does not relate to those impairments.) In his residual functional capacity assessment, the administrative law judge determined that plaintiff was limited to (1) "occasional interaction with supervisors, coworkers and the general public"; (2) "performing simple, repetitive tasks"; and (3) "work requiring few, if any, work place changes." In addition, the administrative law judge found that plaintiff "is likely to be off task for about 5 to 10 percent of the workday." AR 458. The administrative law judge's questions to the vocational expert reflect the same limitations. AR 510 and 515. (In her opening brief, plaintiff says that the administrative law judge did not ask the vocational expert a question about being off task 10 percent of the time, but, as defendant points out, that is incorrect. AR 515.)

The first issue on appeal relates to the rule that "both the hypothetical posed to the

[vocational expert] and the [administrative law judge's residual functional capacity] assessment must incorporate all of the claimant's limitations supported by the medical record." Yurt v. Colvin, 758 F.3d 850, 857-58 (7th Cir. 2014).  Plaintiff argues that the administrative law judge's assessment does not reflect all the limitations found by state agency consultants Jack Spear, Deborah Pape and Eric Edelman, even though the administrative law judge stated that he gave "considerable weight" to their opinions and did not express disagreement with any of them. AR 469-70.  In particular, plaintiff says that the administrative law judge did not account for the consultants' findings that plaintiff's mental impairments would cause limitations in "attendance, punctuality, working around others and completing a normal work day." Plt.'s Br., dkt. #12, at 15.  Plaintiff points to boxes the consultants checked on a form titled "mental residual functional capacity assessment," indicating that plaintiff had "moderate" limitations in the following areas:

- The ability to perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances.

- The ability to work in coordination with or proximity to others without being distracted by them.

- The ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods.

 AR 313 (Spear); AR 996 (Edelman); AR 405 (Pape, affirming Spear's findings). Plaintiff also argues more generally that the administrative law judge failed to include in his assessment and questions to the vocational expert his finding that plaintiff has "moderate"

3

limitations in "concentration, persistence or pace," but plaintiff does not identify any specific limitations regarding concentration, persistence or pace that the administrative law judge should have included other than those listed above.  Accordingly, I have limited my review to those limitations.

Plaintiff does not explain why she believes that the administrative law judge did not account for the finding that plaintiff is limited in "[t]he ability to work in coordination with or proximity to others without being distracted by them."  The administrative law judge stated that plaintiff is limited to "occasional interaction with supervisors, coworkers and the general public," which seems to address the consultants' limitation.  Without additional argument from plaintiff regarding why the administrative law judge's assessment on this issue is deficient, I decline to find that the administrative law judge erred.

The consultants' findings regarding the ability to complete work without interruption seem to be addressed by the administrative law judge's finding that plaintiff "is likely to be off task for about 5 to 10 percent of the workday."  However, plaintiff criticizes that finding on the ground that the administrative law judge did not reach his conclusion by relying on a medical opinion and he did not otherwise explain why he translated "moderate" limitations into being off task 5 or 10 percent.   In her opposition brief, defendant does not even attempt to justify the administrative law judge's failure to explain that aspect of his decision, so I agree with plaintiff that this omission requires a remand.

I also agree with plaintiff that the administrative law judge did not incorporate into his residual functional capacity assessment limitations regarding punctuality and attendance.

4

This is so even though I directed the administrative law judge in the previous appeal to consider those limitations. Case no. 11-cv-671-bbc, dkt. #15, at 15-16. Again, defendant ignores this issue in her opposition brief, so I conclude that a remand is required on this issue as well.

Plaintiff's second argument is that the administrative law judge failed to incorporate some opinions of James Hobart, a "consultative examiner," even though the administrative law judge stated that he gave "some weight to [Hobart's] overall determination of the claimant's mental status, the summary of activities of daily living and the claimant's capacity for unskilled work." AR 469. The only aspect of Hobart's opinion that the administrative law judge rejected expressly was the Global Assessment of Functioning score Hobart assigned plaintiff, but that score is not part of plaintiff's appeal.

Plaintiff quotes a large portion of Hobart's evaluation, but I understand her to be arguing that the administrative law judge failed to incorporate two particular opinions: "Withstanding routine work stresses will be very problematic for [plaintiff]. Adapting to change is also going to be poor." AR 281. The administrative law judge addressed plaintiff's ability to adapt to change with the limitation that she needs "work requiring few, if any, work place changes." Plaintiff does not identify any way in which that opinion is inconsistent with Hobart's. However, I do not see any portion of the administrative law judge's assessment that incorporates a limitation regarding plaintiff's ability to handle stress. Defendant states that the reason is that the administrative law judge "did not fully credit Dr. Hobart's opinion" on that issue, but defendant does not identify a passage of the decision

5

in which the administrative law judge rejected Hobart's opinion regarding stress. My own review of the decision reveals that the administrative law judge noted the opinion, AR 468, but did not accept or reject it. Accordingly, the administrative law judge should consider this issue on remand as well.

Third, plaintiff says that the administrative law judge did not have adequate reasons for rejecting the opinion of Charles Moore, a psychologist and another "consultative examiner." Gudgel v. Barnhart, 345 F.3d 467, 470 (7th Cir. 2003) ("An ALJ can reject an examining physician's opinion only for reasons supported by substantial evidence in the record; a contradictory opinion of a non-examining physician does not, by itself, suffice."). In his "statement of work capacity," Moore concluded that plaintiff "would not be able to . . . to respond satisfactorily in a basic social context . . . . [S]he would be less able to withstand routine stressors and with more complex demands would not do well without major accommodations and support." AR 972. The administrative law judge gave this opinion "little weight" for three reasons. First, he said the opinion was "internally inconsistent" because "Moore offered a GAF of 51, but identified marked limitations in social interaction and adaptability." AR 469. Second, he said that Moore's opinion was inconsistent with evidence showing that plaintiff was "pleasant, cooperative and friendly." Id. Third, he said that Moore's opinion "is not consistent with the overall treatment record." Id.

Internal inconsistencies may provide good cause for rejecting an opinion, "but the reasoning for the denial must be adequately articulated." Minnick v. Colvin, 775 F.3d 929,

938 (7th Cir. 2015).  I agree with plaintiff that there is nothing inherently inconsistent between having significant mental limitations and being pleasant, cooperative or friendly. Neither Moore nor any of the other experts suggested that plaintiff's social difficulties extended to being rude.  I also agree with plaintiff that the administrative law judge failed to explain how Moore's opinion was inconsistent with the rest of the record.  Id. (ALJ must explain how medical opinion is inconsistent with other evidence).

Neither side develops an argument regarding the administrative law judge's statement that Moore's opinions are inconsistent with a GAF score of 51.  The administrative law judge did not explain his reasoning, but presumably his view is that the GAF score suggests moderate symptoms and Moore's opinion suggests more serious symptoms.  However, the Court of Appeals for the Seventh Circuit has recognized that a "Global Assessment of Functioning (GAF) score of 51 . . . is right on the border between 'severe' and 'moderate' symptoms," Farrell v. Astrue, 692 F.3d 767, 769 (7th Cir. 2012), so any inconsistency is slight.  In any event, because I am remanding on other grounds, the administrative law judge should reevaluate the weight to give Moore's opinion.

Finally, plaintiff says that the administrative law judge should have given more weight to a report prepared by William Adams (a social worker) and Donald Fischer (a physician). (The administrative law judge referred to Adams incorrectly as "Mr. Williams.").  Plaintiff lists many of the opinions in that report, but she limits her argument to one, which is that all of her limitations would cause her to be off task 25 percent off the day.  AR 1228.

The administrative law judge gave the report "little weight" because of two alleged

inconsistencies. First, plaintiff's GAF score is identified as "4-50" (which the parties seem to agree means "40 to 50") in one section of the report and then listed as "70" in another spot without any explanation. AR 1225, 1228. Second, the report states both that plaintiff is likely to be off task 10 percent of the time because of limitations in maintaining attention and concentration and that plaintiff is likely to be off task 25 percent of the time. AR 469.

Plaintiff says that the report was not actually internally inconsistent. First, she says that the different GAF scores reflect different points in time, but, as defendant points out, nothing in the report supports the drawing of that inference, so I reject that argument.

With respect to the opinions of being off task, plaintiff says that 10 percent represents the amount of time she would be off task because of limitations in maintaining concentration and attention in particular and that 25 percent represents the amount of time that *all* of her limitations collectively would cause her to be off task. Plaintiff's interpretation of the report is reasonable. In one part of the report, the authors indicated the extent to which plaintiff would be off task as a result of particular mental limitations. AR 1226-27. The authors marked boxes indicating that plaintiff would be off task anywhere from 0 percent to "15% or more of an 8-hour work day" with respect to particular mental limitations. Id. After this section, the report states that plaintiff would be off task 25 percent of the time because of "all of [her] physical and mental limitations taken in combination." AR 1228. There is no inconsistency between a conclusion that plaintiff would be off task only 10 percent of the time with respect to individual limitations and a conclusion that all of her limitations combined would cause her to be off task 25 percent of

8

the time. Accordingly, the administrative law judge should reconsider this issue on remand.

ORDER

IT IS ORDERED that plaintiff Sarah Gillert's motion for summary judgment, dkt. #11, is GRANTED. The decision denying plaintiff benefits is REVERSED and REMANDED under sentence four of 42 U.S.C. § 405(g). The clerk of court is directed to enter judgment in favor of plaintiff and close this case.

Entered this 23d day of June, 2015.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge